**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JULIUS MANKOWSKI**<br>60 Windvale Drive<br>Pittsburgh, PA 15236<br><br><br>*Plaintiff,*<br><br>**vs.**<br><br>**PIKE RUN COUNTRY CLUB**<br>RR 31 East<br>Jones Mills, PA 15646<br><br>*Defendants.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff, Julius Mankowski (hereinafter "Plaintiff"), initiates this action to seek redress against the Defendant for unlawful age discrimination, in violation federal and state law.

### JURISDICTION and VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The Court may properly maintain personal jurisdiction over the Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial

justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.    The United States District Court for the Western District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

5.    The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

6.    Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

7.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.    Plaintiff is an adult individual residing at the above address.

9.    Defendant Pike Run Country Club ("Defendant") is believed to be a private non-profit corporation, created and existing pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business at the above-captioned address.

10.     At all times relevant herein, Defendant acted or failed to act through its agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

11.     The Defendant is an "employer" within the meaning of the ADEA because it is engaged in an industry affecting interstate commerce and because it maintains or maintained twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

12.     Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

### PROCEDURAL and ADMINISTRATIVE REMEDIES

13.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.     Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Pennsylvania Human Relations Act ("PHRA") as follows:

a)  On or about October 14, 2015, Plaintiff filed a timely written charge of discrimination against Defendant (No. 530-2016-00441) with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission alleging discrimination;

b)  The Equal Employment Opportunity Commission mailed a Notice of Right to Sue on the foregoing charge on or about April 27, 2016;

c)  The instant action is timely because it is initiated within ninety ("90") days of the receipt of the aforementioned Notice;

15.   Plaintiff has exhausted his federal and state administrative remedies as to the allegations of this Complaint.

## FACTUAL BACKGROUND

16.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17.   Plaintiff was the managing and head chef for the Defendant.

18.   At the time of his EEOC charge, Plaintiff was sixty-four ("64") years old.

19.   Plaintiff found out that he was being terminated after seven ("7") years of employment.

20.   On or about April 21, 2015, Plaintiff discovered that younger individuals were applying for his job.

21.   When Plaintiff confronted management, he was told that members of the Board were sending applicants for Plaintiff's job.

22.   The threat of losing his job caused Plaintiff to see his doctor and request medical leave on or about April 24, 2015.

23.   During this time, Plaintiff was still trying to help out at work.

24.   On or about April 29, 2015, Plaintiff went to the golf club to meet with the Defendant's U.S. Foodservice representative to help his wife place a food order for the weekend.

25.   While in the kitchen, Plaintiff noticed food products that he did not use.

26.   Plaintiff confronted management and was told that there had been another applicant who had done a cooking demonstration for himself and some other members of the Board.

27.   By May 1, 2015, Plaintiff's wife was given information that other staff were paid $40.00 to answer questions about Plaintiff's "performance."

28.     Thereafter, Plaintiff met with members of the Board who told him that the club was "wrong" in how they handled his situation.

29.     They asked Plaintiff "what it would take" for him to return to work until things worked out with the new chef.

30.     The board members also informed Plaintiff that the Defendant had "fifteen lawyers."

31.     By May 10, 2015, Plaintiff was effectively terminated.

32.     Thereafter, Defendant retaliated against Plaintiff's wife.

33.     Upon information and belief, Plaintiff was replaced by a significantly younger and less qualified chef.

## COUNT I
### ADEA Age Discrimination

34.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

35.     By virtue of his age, the Plaintiff is in the class of persons protected by the ADEA.

36.     The foregoing conduct constitutes unlawful age discrimination against the Plaintiff.

37.     As a result of the Defendant's unlawful age discrimination, the Plaintiff has suffered damages as set forth herein.

## COUNT II
### Pennsylvania Human Relations Act

38.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

39.     The foregoing discrimination by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

40.   As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against each Defendant and that it enter an Order providing that:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate including but not limited to reinstatement;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

k. Plaintiff is to be accorded any and all other statutory damages the Court deems just, proper, and appropriate;

l.   Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

*W. Charles Sipio*

Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated: July 22, 2016